UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JEFFREY ALLISON,

                  Petitioner,               Case Number: 2:10-CV-11570

v.                                    HONORABLE NANCY G. EDMUNDS

THOMAS K. BELL,

                  Respondent.

_____/

## OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS AND DENYING CERTIFICATE OF APPEALABILITY

Petitioner Jeffrey Allison seeks the issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner, who is currently incarcerated at the Gus Harrison Correctional Facility in Adrian, Michigan, challenges the revocation of his parole in September 2008. For the reasons stated below, the Court denies the petition for a writ of habeas corpus.

### I. Background

Petitioner was convicted in Oakland County Circuit Court of possession with intent to deliver less than fifty grams of cocaine. He was sentenced on October 21, 1998, to 2 to 40 years' imprisonment. On August 29, 2006, Petitioner was paroled to a two-year parole term.

On April 26, 2008, Petitioner was stopped for failing to signal for a turn by Detroit police at approximately 3:00 a.m. while driving a Range Rover. One passenger was with

Petitioner in the vehicle.  Police observed a .45 semi-automatic handgun behind the driver's seat of the vehicle.  The hammer of the gun was cocked and the safety was off. Petitioner was arraigned on a charge of carrying a concealed weapon and bound over to circuit court.  The case was subsequently dismissed.

A formal parole revocation hearing was conducted on August 8, 2008.  Petitioner admitted guilt on the charge of a curfew violation and was found guilty of the following additional violations: (i) engaging in unlawful behavior (possessing a handgun); (ii) possessing a weapon; and (iii) engaging in unlawful behavior (felon in possession of a firearm).  Petitioner's parole was revoked and a reconsideration date set for June 27, 2013.

Petitioner filed a petition for judicial review in the Ingham County Circuit Court. The petition was dismissed as untimely.

Petitioner then filed a complaint for mandamus in the Michigan Court of Appeals. The complaint was denied on October 6, 2009.  *Allison v. Michigan Parole Board*, No. 292166 (Mich. Ct. App. Oct. 6, 2009).  Petitioner filed in the Michigan Supreme Court an application for leave to appeal the denial of his complaint for mandamus.  The Michigan Supreme Court denied leave to appeal.  *Allison v. Michigan Parole Board*, No. 139859 (Mich. Feb. 26, 2010).

Petitioner then filed the pending petition for a writ of habeas corpus.  He raises the following claims:

> I.      Petitioner's constitutional rights were violated under the state/federal

2

provisions of the 5th and 14th Amendments where the use of a policy
directive by the parole board under 06.05.104(x)(2) created a sub-
adjudication of criminal information despite there being no state statutory
violation, or language to support such.

II.     Petitioner was deprived of his constitutional right to due process under the
state/federal provisions of the 5th and 14th Amendments, where the
decision to revoke his parole was contrary to M.C.L. 791.238,
791.240(a)(8) and the holdings under *Morrissey v. Brewer*.

## II.  Discussion

### A.  Standard of Review

The petitioner's claims are reviewed against the standards established by the

Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat.

1214 (AEDPA).  The AEDPA provides:

An application for a writ of habeas corpus on behalf of a person in custody
pursuant to the judgment of a State court shall not be granted with respect to
any claim that was adjudicated on the merits in State court proceedings
unless the adjudication of the claim –

(1)     resulted in a decision that was contrary to, or involved an
unreasonable application of, clearly established Federal law, as determined
by the Supreme Court of the United States; or

(2)     resulted in a decision that was based on an unreasonable
determination of the facts in light of the evidence presented in the State
court proceedings.

28 U.S.C. § 2254(d).

"A state court's decision is 'contrary to' . . . clearly established law if it 'applies a

rule that contradicts the governing law set forth in [Supreme Court cases]' or if it

'confronts a set of facts that are materially indistinguishable from a decision of [the

3

Supreme] Court and nevertheless arrives at a result different from [this] precedent.'"
*Mitchell v. Esparza*, 540 U.S. 12, 15-16 (2003) (per curiam) (*quoting Williams v. Taylor*,
529 U.S. 362, 405-06 (2000)).  "[T]he 'unreasonable application' prong of the statute
permits a federal habeas court to 'grant the writ if the state court identifies the correct
governing legal principle from [the Supreme] Court but unreasonably applies that
principle to the facts' of petitioner's case."  *Wiggins v. Smith*, 539 U.S. 510, 520, 123 S.
Ct. 2527, 156 L. Ed.2d 471 (2003) (*quoting Williams*, 529 U.S. at 413).  However, "[i]n
order for a federal court find a state court's application of [Supreme Court] precedent
'unreasonable,' the state court's decision must have been more than incorrect or
erroneous.  The state court's application must have been 'objectively unreasonable.'"
*Wiggins*, 539 U.S. at 520-21 (citations omitted); *see also Williams*, 529 U.S. at 409.  "A
state court's determination that a claim lacks merit precludes federal habeas relief so long
as 'fairminded jurists could disagree' on the correctness of the state court's decision."
*Harrington v. Richter*, __ U.S. __, 131 S. Ct. 770, 789 (2011), *quoting Yarborough v.
Alvarado*, 541 U.S. 652, 664 (2004).  "Section 2254(d) reflects the view that habeas
corpus is a guard against extreme malfunctions in the state criminal justice systems, not a
substitute for ordinary error correction through appeal. . . . As a condition for obtaining
habeas corpus from a federal court, a state prisoner must show that the state court's ruling
on the claim being presented in federal court was so lacking in justification that there was
an error well understood and comprehended in existing law beyond any possibility for
fairminded disagreement."  *Id.* at 786-87 (internal quotation omitted).

4

Section 2254(d)(1) limits a federal habeas court's review to a determination of whether the state court's decision comports with clearly established federal law as determined by the Supreme Court at the time the state court renders its decision. *See Williams,* 529 U.S. at 412. Section 2254(d) "does not require citation of [Supreme Court] cases – indeed, it does not even require *awareness* of [Supreme Court] cases, so long as neither the reasoning nor the result of the state-court decision contradicts them." *Early v. Packer*, 537 U.S. 3, 8, 123 S.Ct. 362, 154 L.Ed.2d 263 (2002). "[W]hile the principles of "clearly established law" are to be determined solely by resort to Supreme Court rulings, the decisions of lower federal courts may be instructive in assessing the reasonableness of a state court's resolution of an issue." *Stewart v. Erwin*, 503 F.3d 488, 493 (6th Cir. 2007), *citing Williams v. Bowersox*, 340 F.3d 667, 671 (8th Cir. 2003); *Dickens v. Jones*, 203 F. Supp. 2d 354, 359 (E.D. Mich.2002).

Lastly, a federal habeas court must presume the correctness of state court factual determinations. See 28 U.S.C. § 2254(e)(1). A petitioner may rebut this presumption only with clear and convincing evidence. *Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998).

## B. Policy Directive 06.05.104(x)(2)

In his first claim for habeas relief, Petitioner argues that his constitutional rights were violated by the Michigan Parole Board's reliance on Policy Directive 06.05.104(x)(2). This policy directive allows a parole board to set a reconsideration date of 60 months from the date of revocation of parole when the revocation resulted from a

5

firearm-related violation.  Petitioner argues that reliance on this policy directive is violative of his constitutional rights because the state criminal charges related to the traffic stop and firearm possession were dismissed.

A person may be found guilty of a parole violation even if criminal charges arising from the same conduct are dismissed prior to trial.  *See United States v. Stephenson*, 928 F.2d 728, 732 (6th Cir.1991); *Taylor v. United States Parole Commission*, 734 F.2d 1152, 1155 (6th Cir.1984).  Thus, the parole board's reliance on the nature of the parole violation when the related criminal charges had been dismissed does not implicate Petitioner's constitutional rights.

### C.  Due Process Claim

Second, Petitioner claims that the parole revocation procedures violated his right to due process under Mich. Comp. Laws 791.238 & 791.240(a)(8) and *Morrissey v. Brewer*, 408 U.S. 471, 482 (1972), because insufficient evidence was presented to support the revocation.

While the Supreme Court has not specifically held that due process requires sufficient evidence to support the revocation of parole or probation, it has suggested as much.  *See Black v. Romano*, 471 U.S. 606, 615-616 (1985) ("The decision to revoke Romano's probation satisfied the requirements of due process.  In conformance with *Gagnon* and *Morrissey*, the State afforded respondent a final revocation hearing. The courts below concluded, and we agree, that there was sufficient evidence to support the state court's finding that Romano had violated the conditions of his probation.").

6

However, the trial rights of a jury and proof beyond a reasonable doubt do not apply to probation revocation proceedings. *See United States v. Knights*, 534 U.S. 112, 120 (2001). In Michigan, the prosecutor bears the burden of establishing a probation violation by a preponderance of the evidence and the rules of evidence, other than those concerning privileges, do not apply. *People v. Ison*, 132 Mich. App. 61, 66 (1984); Mich. Ct. R. 6.445(E)(1). Evidence is considered sufficient to sustain a conviction for a probation violation if the evidence, when viewed in a light most favorable to the prosecution, would enable a rational trier of fact to conclude that the essential elements of the charge had been proven by a preponderance of the evidence. *Id.* at 66. The preponderance of evidence standard is a much lower standard than proof beyond a reasonable doubt. "[T]he burden of showing something by a preponderance of the evidence . . . simply requires the trier of fact to believe that the existence of a fact is more probable than its nonexistence before [the trier of fact] may find in favor of the party who has the burden of persuading the [trier of fact] of the fact's existence." *In re Winship*, 397 U.S. 358, 371-72 (1970) (Harlan, J., concurring).

In this case, Detroit Police Officer Janoskey testified at the parole revocation hearing that he performed a traffic stop on a vehicle driven by Petitioner. A gun was discovered behind the driver's seat of the vehicle. Officer Janoskey testified that the gun was loaded and cocked, and the safety was off. He testified that the gun could easily have been reached by Petitioner as he sat in the driver's seat. Upon review of the state record, the Court concludes that the revocation of parole was not based upon an unreasonable

7

factual determination in light of the evidence presented in the parole proceedings, nor was the decision to revoke parole contrary to or an unreasonable application of clearly established federal law.  Accordingly, habeas relief is denied on this claim.

Petitioner also argues that the revocation of parole violated his rights under Michigan law.  The federal courts have no power to intervene on the basis of a perceived error of state law. *Estelle v. McGuire*, 502 U.S. 62, 68 (1991); *Pulley v. Harris*, 465 U.S. 37, 41 (1984) . The Sixth Circuit has declared that "[f]or excellent reasons, claims that a state erred in interpreting or applying its own criminal law or procedural rules are almost always rejected as grounds for granting the writ of habeas corpus." *Wilson v. Mitchell*, 250 F.3d 388, 396 (6th Cir. 2001) (citation omitted).  As a result, the claim that the parole board violated state law is not cognizable on habeas review

### III.  Certificate of Appealability

Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability (COA) is issued under 28 U.S.C. § 2253.  Rule 11 of the Rules Governing Section 2254 Proceedings now requires that the court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."

A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. §2253(c)(2).  A petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000)

(citation omitted).  In this case, the Court concludes that reasonable jurists would not debate the Court's conclusion that the petition fails to state a claim upon which habeas corpus relief should be granted.  Therefore, the Court will deny a certificate of appealability.

### IV.  Conclusion

For the reasons stated above, the petition for a writ of habeas corpus and a certificate of appealability are **DENIED** and the matter is **DISMISSED**.

**SO ORDERED.**

s/Nancy G. Edmunds_____
Nancy G. Edmunds
United States District Judge

Dated:  February 7, 2011

I hereby certify that a copy of the foregoing document was served upon counsel of record on February 7, 2011, by electronic and/or ordinary mail.

s/Carol A. Hemeyer_____
Case Manager

9